**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 25-44-DLB-MAS**

**LAWRENCE R. STINNETT**                                                                 **PLAINTIFF**

**v.**                                        **ORDER**

**AMANDA PHIPPS, et al.**                                                              **DEFENDANTS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 32), wherein he recommends that Defendant Wellpath LLC's Motion to Dismiss (Doc. # 31) be denied without prejudice. Magistrate Judge Stinnett found the motion to contain procedural defects which impeded the Court's clear understanding of the position of the parties. (Doc. # 32, p. 5). As such, it was recommended that motion be denied without prejudice. Following entry of the R&R, Plaintiff filed objections in which he stated that he only objects to the motion being denied without prejudice (Doc. # 33).

Notably, Plaintiff did not respond to Wellpath's motion. Plaintiff now objects. A party's failure to present an argument to a magistrate judge waives that argument on review by a district court. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived)(internal citations omitted). Hence, Plaintiff's failure to raise his arguments before the magistrate judge constitutes waiver and, as such, his objection is without merit.

1

Moreover, Plaintiff only objects to the dismissal being without prejudice. "An objection that does nothing more than state a disagreement with a magistrate's suggested resolution . . .is not an "objection" as that term is used in this context." *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F.Supp.2d 934, 938 (E.D. Mich, 2004)).

In finding that a dismissal without prejudice is appropriate, Magistrate Judge Stinnett noted the unique context of Wellpath LLC's bankruptcy and its impact on the current case. He stated "a clearer understanding of …the impact, generally, of the bankruptcy resolution on [Plaintiff's] claims in this case before ruling on Wellpath's motion to dismiss . . . . For instance, if [Plaintiff] opted in or out of the plan or if he submitted any objection to the plan, there should be supporting documentation. Or those responsible for administering the plan or its resolution should be able to provide this information." (Doc, # 32, p. 5, citing *Gregory v. M.D.O.C.*, No. CV 23-11957, 2025 U.S. Dist. LEXIS 165788, at *12 (E.D. Mich. Aug. 26, 2025)).  He further noted that a motion to dismiss may not be the appropriate vehicle, given that matters outside the pleadings may be necessary to adjudicate Wellpath's claim. *Id.*

Should Wellpath refile its motion, Plaintiff will have the opportunity to respond to its merits, and should the Magistrate Judge find that dismissal is appropriate, Plaintiff will have another opportunity to timely object to the substantive findings.  At that point, the Court can properly "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). At this juncture, the Court finds that permitting Wellpath to cure the defects in its motion is appropriate.

The Court having reviewed the R&R, concluding that it is sound in all respects, and being otherwise sufficiently advised, **ORDERS** as follows:

(1)    The Magistrate Judge's Report and Recommendation ("R&R") (Doc. # 32), is hereby **ADOPTED** as the Opinion of law of the Court;

(2)    Defendant Wellpath LLC's Motion to Dismiss (Doc. # 31) be **DENIED WITHOUT PREJUDICE**; and

(3)    Plaintiff's objections (Doc. # 33) are **OVERRULED**.

This 23rd day of April 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2025\25-44 Order Adopting R&R DE 31.docx

3